UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
)
RHP MASTER FUND, LTD.,                          )
                                  Plaintiff,     )
)
  -against-                                     )
)                ECF CASE
CELL THERAPEUTICS, INC.,                        )
JOHN H. BAUER, JAMES A. BIANCO,                 )   Civil Action No. 08-CV-4281 (LTS)
LOUIS A. BIANCO, VARTAN GREGORIAN,              )
RICHARD L. LOVE, MARY O'NEIL                    )
MUNDINGER, PHILLIP M. NUDELMAN, JACK            )
W. SINGER, and FREDERICK W. TELLING,            )
)                **DEFENDANT CELL THERAPEUTICS,**
                                Defendants.    )                **INC.'S ANSWER**
)
------------------------------------------------------------------X

      Defendant Cell Therapeutics, Inc. ("CTI"), by and through its attorneys, hereby answers the Complaint filed by Plaintiff RHP Master Fund, Ltd. ("RHP"), dated May 5, 2008 (the "Complaint"), as follows:

**PARTIES**

      1.      CTI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of the Complaint.

      2.      CTI admits the allegations set forth in Paragraph 2 of the Complaint.

      3.      CTI admits the allegations set forth in Paragraph 3 of the Complaint.

      4.      CTI admits the allegations set forth in Paragraph 4 of the Complaint.

5. CTI admits the allegations set forth in Paragraph 5 of the Complaint.

6. CTI admits the allegations set forth in Paragraph 6 of the Complaint.

7. CTI admits that Richard L. Love became a director of CTI in September 2007 and that he resides in Texas, and denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8. CTI admits the allegations set forth in Paragraph 8 of the Complaint.

9. CTI admits the allegations set forth in paragraph 9 of the Complaint.

10. CTI admits the allegations set forth in paragraph 10 of the Complaint.

11. CTI admits the allegations set forth in paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12. Paragraph 12 contains legal conclusions that do not require a response. To the extent a response is necessary, CTI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12.

13. Paragraph 13 contains legal conclusions that do not require a response, except CTI admits that both parties consented and agreed to submit to the exclusive jurisdiction of the state and federal courts sitting in the City of New York, borough of Manhattan, for the adjudication of disputes under or in connection with the Securities Purchase Agreement between RHP and CTI.

## FACTUAL BACKGROUND

### CTI's February 8, 2007 Issuance of Preferred Stock

14.     CTI admits that Exhibit A to the Complaint is a copy of the Securities Purchase Agreement entered into between RHP and other purchasers of CTI's Series A 3% Convertible Preferred Stock ("Series A Preferred Stock") and CTI on or about February 8, 2007 (the "Securities Purchase Agreement").  To the extent Paragraph 14 purports to describe the contents of the Securities Purchase Agreement, that document speaks for itself.  CTI denies the remaining allegations set forth in Paragraph 14 of the Complaint, except admits that CTI issued 20,000 shares of Series A Preferred Stock.

15.     CTI admits the allegations set forth in Paragraph 15 of the Complaint.

16.     CTI admits that Exhibit B to the Complaint is a copy of the Articles of Amendment to Amended and Restated Articles of Cell Therapeutics, Inc., Designation of Preferences, Rights, and Limitations of Series A 3% Convertible Preferred Stock (the "Series A Designation"), filed by CTI in connection with the Series A Preferred Stock issuance.  To the extent Paragraph 16 purports to describe the content of the Series A Designation, that document speaks for itself.

17.     To the extent Paragraph 17 purports to describe the content of the Series A Designation, that document speaks for itself, except CTI notes for the sake of completeness that Section 6(b) provides that the Conversion Price "shall equal $1.6725 subject to adjustment herein."

### CTI's Violating Transaction

18. CTI admits that Exhibit C to the Complaint is a copy of a Form 8-K it filed on March 5, 2008. To the extent Paragraph 18 purports to describe the content of the Form 8-K, that document speaks for itself, except CTI notes that the quoted language from the Form 8-K omits language essential for a proper understanding and construction of the March 3, 2008 transaction described in Paragraph 18 of the Complaint. Except as expressly admitted herein, CTI denies each and every remaining allegation in Paragraph 18.

19. Paragraph 19 contains legal conclusions that do not require a response. To the extent a response is necessary, CTI denies each and every allegation in Paragraph 19 of the Complaint.

20. Paragraph 20 contains legal conclusions that do not require a response. To the extent a response is necessary, CTI denies each and every allegation in Paragraph 20 of the Complaint.

21. To the extent Paragraph 21 purports to quote the Securities Purchase Agreement, that document speaks for itself.

22. Paragraph 22 contains legal conclusions that do not require a response. To the extent a response is necessary, CTI denies each and every allegation in Paragraph 22 of the Complaint.

**RHP's Demand for Redemption**

23. To the extent Paragraph 23 purports to describe the content of the Series A Designation, that document speaks for itself, except CTI notes that it omits language from that

section of the Series A Designation essential for a proper understanding and construction of the section or the terms of the Series A Preferred Stock.

24. To the extent Paragraph 24 purports to describe the content of and quote the Series A Designation, that document speaks for itself. CTI denies each and every remaining allegation in Paragraph 24 of the Complaint.

25. To the extent Paragraph 25 purports to describe the content of the Series A Designation, that document speaks for itself. CTI denies each and every remaining allegation in Paragraph 25 of the Complaint.

26. CTI admits that RHP delivered a letter to CTI, dated March 5, 2008, a copy of which is attached as Exhibit D to the Complaint. To the extent Paragraph 26 purports to describe the content of the March 5, 2008 letter, that document speaks for itself.

27. CTI admits that CTI's counsel delivered a letter to RHP, dated March 14, 2008, a copy of which is attached as Exhibit E to the Complaint. To the extent Paragraph 27 purports to describe the content of the March 14, 2008 letter, that document speaks for itself.

28. CTI admits that RHP delivered a letter to CTI, dated March 26, 2008, a copy of which is attached as Exhibit F to the Complaint. To the extent Paragraph 28 purports to describe the content of the March 26, 2008 letter, that document speaks for itself.

29. CTI admits that CTI's counsel delivered a letter to RHP, dated April 10, 2008, a copy of which is attached as Exhibit G to the Complaint. To the extent Paragraph 27 purports to describe the content of the April 10, 2008 letter, that document speaks for itself.

**CTI's Obligation to Indemnify**

30. To the extent Paragraph 30 purports to describe the content of the Securities Purchase Agreement, that document speaks for itself.

### COUNT I

**Breach of Contract**
(Against CTI)

31. CTI incorporates and restates its responses to Paragraphs 1 through 30 as though fully set forth herein.

32. CTI denies the allegations set forth in Paragraph 32 of the Complaint.

33. CTI denies the allegations set forth in Paragraph 33 of the Complaint.

### COUNT II

**Violations of Washington Business Corporation Act §§ 23B.06.010 and 23B.06.020**
(Against CTI)

34. CTI incorporates and restates its responses to Paragraphs 1 through 33 as though fully set forth herein.

35. To the extent Paragraph 35 purports to describe the content of RCW §23B.06.010, the statutory provisions speak for themselves. To the extent any further response is necessary, CTI denies that Paragraph 35 provides a complete and accurate recitation of RCW §23B.06.010.

36. To the extent Paragraph 36 purports to describe the content of RCW §23B.06.020, the statutory provisions speak for themselves. To the extent any further response

is necessary, CTI denies that Paragraph 36 provides a complete and accurate recitation of RCW §23B.06.020.

37. CTI denies the allegations set forth in Paragraph 37 of the Complaint.

38. CTI denies the allegations set forth in Paragraph 38 of the Complaint.

### COUNT III

### Breach of Fiduciary Duty
(Against CTI and the Individual Defendants)

39. CTI incorporates and restates its responses to Paragraphs 1 through 38 as though fully set forth herein.

40. CTI denies that Count III applies to it because no allegations are directed toward CTI, and thus no pleading response is required. In addition, Paragraph 40 contains legal conclusions that do not require a response.

41. CTI denies that Count III applies to it because no allegations are directed toward CTI, and thus no pleading response is required. To the extent any response is deemed required, CTI denies the allegations in Paragraph 41.

42. CTI denies that Count III applies to it because no allegations are directed toward CTI, and thus no pleading response is required. To the extent any response is deemed required, CTI denies the allegations in Paragraph 42.

## AFFIRMATIVE DEFENSES

Without in any way admitting any of the allegations in the Complaint and without admitting or suggesting that CTI bears the burden of proof on any of the following issues, as separate and independent affirmative defenses, CTI alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's breach of fiduciary duty claim is barred, in whole or in part, by Article VII of CTI's Articles of Incorporation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's lack standing to raise the claims alleged in the Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, CTI prays for relief as follows:

(a) For judgment to be entered in favor of CTI and against RHP;

(b) For RHP to be awarded no damages;

    (c) For costs of defense of suit, attorneys' fees and interest, as provided by statute, by the terms of the Securities Purchase Agreement, or otherwise; and

    (e) For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

| | |
|---|---|
| Dated: July 17, 2008<br>New York, New York | Respectfully submitted,<br>HELLER EHRMAN LLP<br><br>By: /s/ Eric M. Creizman<br>    Eric M. Creizman (EC-7684)<br><br>Times Square Tower<br>7 Times Square<br>New York, New York 10036<br>(212) 832-8300<br><br>    Daniel J. Dunne (Admitted *pro hac vice*)<br>    Joshua B. Selig (JS-1271)<br><br>701 Fifth Avenue, Suite 6100<br>Seattle, WA 98104<br>(206) 447-0900<br><br>Attorneys for Defendant Cell Therapeutics, Inc. |