UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                                )

| | |
|---|---|
| RHP MASTER FUND, LTD., ) | |
|                  Plaintiff, ) | |
| ) | |
|    -against- ) | |
| ) | |
| CELL THERAPEUTICS, INC., ) | ECF CASE |
| JOHN H. BAUER, JAMES A. BIANCO, ) | |
| LOUIS A. BIANCO, VARTAN GREGORIAN, ) | Civil Action No. 08-CV-4281 (LTS) |
| RICHARD L. LOVE, MARY O'NEIL ) | |
| MUNDINGER, PHILLIP M. NUDELMAN, JACK ) | |
| W. SINGER, and FREDERICK W. TELLING, ) | |
| ) | **ORAL ARGUMENT REQUESTED** |
|           Defendants. ) | |

-------------------------------------------------------------X

**MEMORANDUM OF INDIVIDUAL DEFENDANTS
JOHN H. BAUER, JAMES A. BIANCO, LOUIS A. BIANCO, VARTAN
GREGORIAN, RICHARD L. LOVE, MARY O'NEIL MUNDINGER, PHILLIP M.
NUDELMAN, JACK W. SINGER, AND FREDERICK W. TELLING IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

<div style="margin-left:40%">

HELLER EHRMAN, LLP
Eric M. Creizman (EC-7684)
Times Square Tower
7 Times Square
New York, New York 10036
(212) 832-8300

Daniel J. Dunne (Admitted *pro hac vice*)
Joshua B. Selig (JS-1271)
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 447-0900

</div>

July 17, 2008                                        *Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ ii

I.     Introduction & Relief Requested ...................................................................... 1

II.    Statement of Facts ............................................................................................ 1

III.   Argument ......................................................................................................... 3

       A.     Legal Standard Under FRCP 12(b)(6) ................................................ 3

       B.     Washington Business Corporation Act Governs Plaintiff's
              Claim for  Breach of Fiduciary Duty ................................................... 3

       C.     Plaintiff Has Failed to State a Legally Cognizable Claim for
              Breach of Corporate Duties ................................................................. 4

              1.     Directors and Officers Owe No Fiduciary Duty To An
                     Individual Preferred Shareholder. ............................................. 5

              2.     Plaintiff Has Failed to State a Legally Cognizable Claim
                     for Breach of Duty of Care ........................................................ 6

              3.     Plaintiff Has Failed to State a Legally Cognizable Claim
                     for Breach of Duty of Loyalty ................................................... 8

              4.     Plaintiff Has Failed to State a Legally Cognizable Claim
                     for Breach of Duty of Good-Faith .............................................. 9

IV.    Conclusion ....................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*380544 Canada, Inc. v. Aspen Tech. Inc.*, 544 F. Supp.2d 199 (S.D.N.Y 2008) ........................... 3

*Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955 (2007) ............................................... 4

*Continuing Creditors' Comm. of Star Telecomm. Inc. v. Edgecomb*, 385 F. Supp.
2d 449 (D.Del. 2004) ................................................................................................................. 8

*DeJesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65 (2d Cir. 1996) ............................................. 4

*Duncan v. AT&T Communications Inc.*, 668 F. Supp. 232 (S.D.N.Y. 1987) ............................... 4

*Grassmueck v. Barnett*, No. C03-122P, 2003 WL 22128263 (W.D.Wash.
July 7, 2003) .......................................................................................................... 4, 6, 8

*In re Cray Inc.*, 431 F. Supp. 2d 1114 (W.D.Wash. 2006) .......................................................... 5

*In re Pfizer Inc. Sec. Litig.*, No. 04 Civ. 9866, 2008 WL 2627131 (S.D.N.Y.
July 1, 2008) .............................................................................................................. 3

*Schwartzman v. McGavick*, No. C06-1080P, 2007 WL 1174697 (W.D.Wash.
Apr. 19, 2007) ............................................................................................................ 5

*Seafirst Corp. v. Jenkins*, 644 F. Supp. 1152 (W.D.Wash. 1986) .................................................. 9

## STATE CASES

*Benihana of Tokyo, Inc. v. Benihana, Inc.*, 891 A.2d 150 (Del. Ch. 2005) ................................... 6

*Brehm v. Eisner*, 746 A.2d 244 (Del. 2000) ................................................................................. 6

*Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345 (Del. 1993) ........................................................ 8

*In re Caremark Int'l Derivative Litig.*, 698 A.2d 959 (Del. Ch. 1996) ........................................... 7

*In re J.P. Stevens & Co. S'holders Litig.*, 543 A.2d 770 (Del. Ch. 1988) ...................................... 9

*In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27 (Del. 2006) ................................................. 9

*Interlake Porshe & Audi, Inc. v. Bucholz*, 45 Wash. App. 502, 728 P.2d 597 (1986) .................. 6

*Rodriquez v. Loudeye Corp.*, No.59932-1-I, 2008 WL 921817 (Wash. App.
Apr. 7, 2008) ............................................................................................................. 8

*Sherman v. Baker*, 2 Wash. App. 845, *rev. denied* 78 Wash.2d 994 (1970) .................................. 5

## STATE STATUTES

RCW § 23B.08.300(1) ................................................................................................ 4, 6

RCW § 23B.08.420(1) ................................................................................................ 4, 6

RCW §23B.08.320 .................................................................................................... 7

## OTHER AUTHORITIES

Fletcher, Cyclopedia of the Law of Corporations § 848 (current through Sept. 2007) .................. 5

Restatement (Second) Conflict of Laws § 309 (1971) .................................................... 4

## I.    Introduction & Relief Requested

Defendants John H. Bauer, James A. Bianco, Louis A. Bianco, Vartan Gregorian,

Richard L. Love, Mary O'Neil Mundinger, Phillip M. Nudelman, Jack W. Singer, and Frederick

W. Telling (collectively the "Individual Defendants") respectfully move, under Rule 12(b)(6) of

the Federal Rules of Civil Procedure, for dismissal of Plaintiff's third cause of action, breach of

fiduciary duties – the only claim alleged against the Individual Defendants – because it fails to

state a claim for relief under Washington corporate law.  While corporate officers and directors

owe fiduciary duties to the corporation and its shareholders as a group, there is no duty that runs

directly to individual shareholders.  Even if there were such a duty, Plaintiff's complaint is bereft

of any factual allegations that would even remotely suggest that the Individual Defendants

participated in a self-interested transaction triggering a breach of any duty of loyalty, or acted

with any improper motive.  Finally, Plaintiff has alleged no facts that would suggest that the

protections offered by Washington law to directors and officers under the Business Judgment

rule do not apply to the Individual Defendants.  In any event, as authorized by Washington

statute, Cell Therapeutics, Inc's ("CTI") Articles of Incorporation immunize the directors against

monetary claims for breach of duty of care.  Accordingly, Plaintiff's third cause of action – and

the Individual Defendants – should be dismissed with prejudice.

## II.    Statement of Facts

The factual allegations of RHP Master Fund, Ltd's ("RHP" or "Plaintiff") Complaint sets

forth two transactions from which Plaintiff's alleged injury derives.  The first is its purchase of

CTI's Series A Preferred Stock through a Securities Purchase Agreement entered into on or

about February 8, 2007.  (See Complaint for Breach of Contract for Failure to Redeem Preferred

Stock, ¶ 14 ("Complaint")).  The second concerns a March 3, 2008 Securities Purchase

Agreement (the "March 3, 2008 Transaction") that RHP did not participate in but which it alleges resulted in a breach of the terms of its Securities Purchase Agreement. (See Complaint, ¶¶ 18-22). The remaining factual allegations concern RHP's demand for redemption and the subsequent communication between the parties. (See Complaint, ¶¶ 23-29). Unsurprisingly, considering the universe of facts set forth in the Complaint, RHP's first count alleges breach of contract against CTI. (See Complaint, ¶¶ 31-33).

However, unsatisfied with only the cause of action arguably supported by the allegations in its Complaint, RHP tacks on an unsupported and unsupportable breach of fiduciary duty claim against the Individual Defendants despite the complete absence of any factual allegations regarding the Individual Defendants or their conduct. Nowhere is it alleged that the officer or director defendants acted on either transaction without first assessing information, or otherwise informing themselves prior to making decisions on behalf of CTI. Nowhere is it alleged that the officer or director defendants acted out of self-interest or lack of independence. And, nowhere is it alleged that the officers and directors entered into the March 3, 2008 Transaction out of an improper motive. Tellingly, the Complaint nowhere alleges that the complained of transactions were not in the best interest of CTI or its shareholders generally. Instead, the Complaint only alleges that "the Individual Defendants breached their fiduciary duties to RHP." (Complaint, ¶ 41).[1]

---

[1] Plaintiff's manner of service of process on the Individual Defendants underscores its true motives in including the baseless breach of fiduciary duty claim. Upon learning that the Individual Defendants were named as defendants in this action, but prior to service, undersigned counsel notified Plaintiff's counsel that it would agree to accept service on their behalf. Declaration of Daniel J. Dunne in Support of Motion to Dismiss ("Dunne Declaration") ¶¶ 4-5. Notwithstanding this agreement, Plaintiff proceeded to send process servers to the personal residences of various Individual Defendants to effectuate process. *Id.* ¶ 7. These defendants were unpleasantly surprised given the understanding that their counsel had already provided its consent to accept service on their behalf. *Id.* ¶ 8. Clearly, the inclusion of baseless claims for breach of fiduciary duty against the Individual Defendants was intended

*(Footnote continued)*

III.    **Argument**

  A.  **Legal Standard Under FRCP 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *In re Pfizer Inc. Sec. Litig.*, No. 04 Civ. 9866, 2008 WL 2627131 at *5 (S.D.N.Y. July 1, 2008) (Swain, J.) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007)).  However, "factual allegations must be enough to raise a right of relief above the speculative level." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1965 (2007) (requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [his claim]")).  Additionally, in deciding a motion to dismiss, a court may consider documents which are integral to the complaint or are incorporated by reference in the pleading. *Id.* (citing *Rizzo v. The MacManus Group, Inc.*, 158 F. Supp.2d 297, 301 (S.D.N.Y. 2001)).  A court may also take judicial notice of facts "not subject to reasonable dispute" either because they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing Fed.R.Evid. 201(b); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).

  B.  **Washington Business Corporation Act Governs Plaintiff's Claim for Breach of Fiduciary Duty**

Under the well-established "internal affairs" doctrine, shareholder claims involving the internal affairs of a corporation, such as claims for breach of fiduciary duty, are governed by the law of the state in which the corporation is incorporated. *See, e.g.*, *380544 Canada, Inc. v.*

---

as part of a larger campaign to harass and intimidate the company and its board members, and to increase the pain threshold from this otherwise minor claim for damages.

*Aspen Tech. Inc.*, 544 F. Supp.2d 199, 233 (S.D.N.Y. 2008); Restatement (Second) Conflict of Laws § 309 (1971).  Here, Plaintiff alleges that CTI is a "corporation organized under the laws of the State of Washington."  Complaint, ¶ 4.

### C.  Plaintiff Has Failed to State a Legally Cognizable Claim for Breach of Corporate Duties

Under Washington law, directors and officers are required to discharge their duties (i) in good-faith; (ii) with the care an ordinary prudent person in a like position would exercise under similar circumstances; and (iii) in a manner the director or officer reasonably believes to be in the best interests of the corporation.  RCW § 23B.08.300(1) (General standards for directors); RCW § 23B.08.420(1) (Standards of conduct for officers).

Plaintiff's entire theory of liability against the Individual Defendants is captured in one single, isolated sentence in the Complaint:  "By causing or allowing CTI to engage in conduct (*i.e.,* [The March 3, 2008 Transaction]) that violated RHP's contractual, statutory and other rights, the Individual Defendants breached their fiduciary duties to RHP." (Complaint ¶ 41).  That solitary conclusory sentence – unconnected to a single factual allegation about the Individual Defendants' conduct – cannot suffice to raise "a right of relief above the speculative level" and thus withstand a motion to dismiss under the standard set forth in *Twombly*.  *Twombly*, 127 S.Ct. 1955 at 1965; *see also DeJesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996) ("A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).") (internal citation omitted); *Duncan v. AT&T Communications Inc.*, 668 F. Supp. 232, 234 (S.D.N.Y. 1987) ("[I]ndividual allegations, although grammatically intact, may be so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains.  Such allegations are meaningless as a practical matter and, as a matter of law, insufficient to state a claim.")

4

1.   **Directors and Officers Owe No Fiduciary Duty To An Individual Preferred Shareholder.**

In the performance of their duties as fiduciaries of the corporation, directors and officers must administer the corporate affairs for the good and benefit of all shareholders *as a group*, and exercise their best care, skill and judgment for the management of the business, not a single shareholder.  Fletcher, Cyclopedia of the Law of Corporations § 848 (current through Sept. 2007).  Thus, the director's liability for breach of fiduciary duty, with limited exception, lies only to the corporation itself and not to individual shareholders of the corporation.  *Id*. (citing, *inter alia*, *Gilbert v. El Paso Co*., 575 A.2d 1131 (Del. 1990)).[2]

In very limited circumstances, a court may examine whether an officer or director owes a fiduciary duty to an individual stockholder.  That circumstance arises in the closed-corporation context when a majority shareholder acts in a way to the detriment of a minority shareholder. *See, e.g.*, *Sherman v. Baker*, 2 Wash. App. 845, 853, *rev. denied* 78 Wash.2d 994 (1970).  In *Sherman*, the Court explained that Washington follows the "special facts" rule in which, under very limited circumstances, the director owes a limited fiduciary duty to an individual stockholders in transactions with a stockholder involving the transfer of stock.  *Id*. (citing 3 Fletcher, Cyclopedia Corporations §§ 1167-74 (Perm. Ed. revised 1965)).

Here, CTI a publicly-traded company, has no majority shareholder which would trigger this special rule.  Nor does Plaintiff allege that it was involved in any transfer of stock in the

---

[2] Due to the lack of substantial Washington case law in the corporate governance context, Washington courts routinely look to Delaware's well-developed corporate law, including in examining fiduciary duties of officers and directors.  *See, e.g., Schwartzman v. McGavick*, No. C06-1080P, 2007 WL 1174697 at *4 (W.D.Wash. Apr. 19, 2007) (relying on Delaware case law to analyze breach of fiduciary duty claims against directors of Washington corporation); *In re Cray Inc.*, 431 F. Supp. 2d 1114, 1120 (W.D.Wash. 2006) (noting that the parties rely heavily on the "well-developed body of law from Delaware" regarding procedural demand requirements and concluding that the "Washington State

*(Footnote continued)*

5

transaction that it claims constituted the breach of duties.  In fact, the Complaint admits that (i) there was no alleged breach of fiduciary duty in the first transaction by which it acquired preferred stock, and (ii) Plaintiff was not a party to the second transaction that allegedly gave rise to the claim for a breach of fiduciary duty.  Thus, the Individual Defendants owed no fiduciary duty to RHP that might support a claim here.

### 2.  Plaintiff Has Failed to State a Legally Cognizable Claim for Breach of Duty of Care

Even if there exists a fiduciary duty that runs individually to a single preferred shareholder, in Washington, the standard for assessing whether an officer or director acted with the requisite level of care is established by statute.  To successfully plead breach of fiduciary duty, plaintiff must successfully plead breach of the duty of loyalty, bad faith performance of duties, or intentional or knowing breach of the duty of care.  *Grassmueck v. Barnett*, No. C03-122P, 2003 WL 22128263 at *3 (W.D.Wash. July 7, 2003).  Plaintiff have not even attempted to satisfy any of these requirements.  An officer or director must act "with the care an ordinary prudent person in a like position would exercise under similar circumstances."  RCW § 23B.08.300(1)(ii); RCW § 23B.08.420(1)(ii).  Under the business judgment rule, there is a rebuttable presumption that officers acted with the requisite care so long as they acted in good faith and without a corrupt motive.  *Grassmueck*, 2003 WL 22128263 at *3 (citing *Seafirst Corp. v. Jenkins*, 644 F. Supp. 1152, 1158-59 (W.D.Wash. 1986); *Interlake Porshe & Audi, Inc. v. Bucholz*, 45 Wash. App. 502, 508, 728 P.2d 597 (1986)).  Under this commonly accepted standard, to adequately plead a breach of fiduciary duty, a plaintiff must allege facts that the officer and director defendants acted in a *grossly negligent* manner with respect to fulfillment of

---

Supreme Court would likely adopt the substantive demand requirement and apply a similar, if not the same, exception for futility as that employed in Delaware.").

their corporate duties. *See Brehm v. Eisner*, 746 A.2d 244, 256 (Del. 2000); *Benihana of Tokyo, Inc. v. Benihana, Inc.*, 891 A.2d 150, 192 (Del. Ch. 2005) ("In the duty of care context gross negligence has been defined as reckless indifference to or a deliberate disregard of the whole body of stockholders or actions which are without the bounds of reason.") (internal quotation marks omitted). Additionally, compliance with the duty of care is not "determined by reference to the *content of the board decision* … apart from consideration of the good-faith or rationality of the process employed." *In re Caremark Int'l Derivative Litig*., 698 A.2d 959, 967-68 (Del. Ch. 1996) ("so long as the court determined that the process employed was either rational or employed in a good faith effort to advance corporate interests" there is no breach of the duty of care) (emphasis in original).

Here, the Complaint is completely barren of any allegation regarding the process employed by the Individual Defendants in entering the March 3, 2008 Transaction. There is simply no allegation that the Individual Defendants entered into any transaction without assessing information, or otherwise informing themselves prior to making decisions on behalf of CTI. There is no suggestion that the officers or directors failed to act "with the care an ordinary prudent person in a like position would exercise under similar circumstances." In fact, the body of the Complaint, its "Factual Background" section (¶¶ 14-30), fails to make a single reference to any of the Individual Defendants. In short, the Complaint makes no factual allegations in support of its breach of the duty of care claim, nor are facts alleged to raise a reasonable expectation that discovery will reveal evidence suggesting that the Individual Defendants acted in any improper manner.

Moreover, Washington law permits Washington corporations to limit director personal liability in its articles of incorporation for breaches of the fiduciary duty of care. *See* RCW

7

§23B.08.320.  CTI's Articles of Incorporation includes a director liability limitation provision

modeled after Washington's statute.  *See*, Dunne Declaration, Exhibit A., Article VII.  The

provision immunizes directors from personal liability

> to the Corporation or its shareholders for monetary damages . . . except for
> (i) acts or omissions that involve intentional misconduct or a knowing violation of
> law by the director, (ii) conduct violating RCW 23B.08.310, or (iii) any
> transaction from which the director will personally receive a benefit in money,
> property or services to which the director is not legally entitled.

*Id*.  Thus, the provision exculpates CTI's directors for monetary liability for alleged breaches of

their fiduciary duty of care.  *See, e.g. Rodriquez v. Loudeye Corp*, No.59932-1-I, 2008 WL

921817 at *3  (Wash. App. Apr. 7, 2008) (applying materially identical section 102(b)(7) of

Delaware Corporation Law and finding that if a complaint merely alleges that the directors

breached their duty of care, and not loyalty or good faith, the exculpatory provision will bar the

damages claim).  Therefore, to the extent the Court finds that the only viable breach of fiduciary

duty claim is a claim for damages for breach of the duty of care, such a claim is insupportable as

against all the director defendants and should be dismissed against those individuals.

### 3.   Plaintiff Has Failed to State a Legally Cognizable Claim for Breach of Duty of Loyalty

As explained by the Delaware Supreme Court, the fiduciary duty of loyalty "mandates

that the best interest of the corporation and its shareholders takes precedence over any interest

possessed by a director … and not shared by the stockholders generally." *Cede & Co. v.

Technicolor, Inc*., 634 A.2d 345, 361 (Del. 1993); *Grassmueck*, 2003 WL 22128263 at *1

(directors and officers may not obtain any profit or advantage at the expense of the corporation).

Under general principles of corporate fiduciary law, to demonstrate a breach of the duty of

loyalty, plaintiff must prove facts demonstrating "a majority of the board that approved the

transaction in dispute was interested and/or lacked independence." *Continuing Creditors'*

8

*Comm. of Star Telecomm. Inc. v. Edgecomb*, 385 F. Supp. 2d 449, 460 (D.Del. 2004) (quoting *Orman v. Cullman*, 794 A.2d 5, 22 (Del. Ch. 2002) (emphasis omitted)).  Plaintiff's complaint does not allege – nor could it – that any of the Individual Defendants were materially interested in or lacked independence regarding the March 3, 2008 Transaction.

### 4.   Plaintiff Has Failed to State a Legally Cognizable Claim for Breach of Duty of Good-Faith

To satisfactorily allege a breach of the fiduciary duty of good-faith, plaintiffs must allege that the Individual Defendants acted with an improper motive. *Seafirst Corp. v. Jenkins*, 644 F. Supp. 1152, 1158 (W.D.Wash. 1986).  Delaware courts have found that a breach of the duty of good-faith occurs when a corporate fiduciary's conduct is motivated by an actual intent to do harm or when directors "consciously and intentionally disregard[] their responsibilities." *See In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, 62, 64 (Del. 2006) (emphasis omitted).  In order to establish such a breach, a plaintiff must allege facts sufficient to establish conduct "so far beyond the bounds of reasonable judgment that it seems essentially inexplicable on any ground other than bad-faith." *In re J.P. Stevens & Co. S'holders Litig.*, 543 A.2d 770, 780-81 (Del. Ch. 1988) (footnote omitted).

Once again, Plaintiff does not attempt to meet its burden.  Plaintiff does not allege – nor can it – that the Individual Defendants were motivated by actual intent to harm CTI (or RHP) or by an intentional dereliction of duties.  Quite to the contrary, the transaction complained of was entered into by CTI based on the Individual Defendants' good-faith belief that it was in the best interest of the Company and its stockholders.

## IV.    Conclusion

Plaintiff dedicates nearly all of its Complaint to allegations that the March 3, 2008 Transaction entered into by CTI breached its contract with Plaintiff.  After completing that

exercise, but with no additional factual allegations, Plaintiff tacks on an additional breach of

fiduciary duty claim against nine officer and director defendants.  It is a common ploy for an

aggressive plaintiff to sue a corporation's senior officers and directors "to get their attention,"

and the concerted efforts by Plaintiff here to harass the Individual Defendants by serving them

personally after Defendants' counsel had agreed to accept service reveal the true motivation for

Plaintiff's claim.  However, the claim for breaches of fiduciary duty finds no support in the

conclusory allegations of the claim.  Accordingly, for the reasons identified above, Count III of

the Complaint -- and the Individual Defendants -- should be dismissed with prejudice.


Dated:  July 17, 2008                        Respectfully submitted,
        New York, New York                   HELLER EHRMAN LLP


                                             By:  /s/ Eric M. Creizman_____

                                                  Eric M. Creizman (EC-7684)

                                             Times Square Tower
                                             7 Times Square
                                             New York, New York 10036
                                             (212) 832-8300

                                                  Daniel J. Dunne (Admitted *pro hac vice*)
                                                  Joshua B. Selig (JS-1271)

                                             701 Fifth Avenue, Suite 6100
                                             Seattle, WA 98104
                                             (206) 447-0900

                                             Attorneys for John H, Bauer, James A. Bianco,
                                             Louis A. Bianco, Vartan Gregorian, Richard L.
                                             Love, Mary O'Neil Mundinger, Phillip M.
                                             Nudelman, Jack W. Singer, and
                                             Frederick W. Telling.


10